UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

IVOR S. WILSON,

    Petitioner,

 v.

              9:16-CV-0471
              (GTS/DEP)

DAVID FAVRO, et. al.,

    Respondents.

---

APPEARANCES:

IVOR S. WILSON
#20140625
Petitioner pro se
Clinton County Jail
25 McCarthy Drive
Plattsburgh, NY 12901

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

Petitioner Ivor S. Wilson filed a petition for a writ of habeas corpus and exhibits pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Exhibits. He is confined at the Clinton County Jail and paid the filing fee. For the reasons that follow, this action is dismissed.

### II. THE PETITION[1]

Petitioner states that he is a pre-trial detainee awaiting trial on state criminal charges, in Clinton County Case Number "SCI: 14-S-15827/IND:26-I-15827," and that his petition is

---

[1] Petitioner filed three other petitions in this Court in which he raised claims related to the same ongoing state court criminal prosecution. *Wilson v. Favro*, No. 9:16-CV-0327 (BKS), Dkt. No. 1, Petition; *Wilson v. Favro*, No. 9:15-CV-0438 (BKS/RFT), Dkt. No. 1, Petition; *Wilson v. Favro*, No. 9:15-CV-0254 (BKS/ATB), Dkt. No. 1, Petition. All three actions were dismissed without prejudice for failure to exhaust available state remedies. *Wilson*, No. 9:16-CV-0327, Dkt. No. 3, Decision and Order; *Wilson*, No. 9:15-CV-0438, Dkt. No. 2, Decision and Order; *Wilson*, No. 9:15-CV-0254 at Dkt. No. 2, Decision and Order.

based on claims that he was "[k]idnapped by way of Stratagem, Atifice [sic], Epic Constitutional Deprevation [sic]" and "[c]onspiracy in the county of Clinton[,] State of New York." Pet. at 1.[2] Based upon the petition and exhibits, petitioner's current detention stems from his October 2, 2014 arrest for third degree criminal possession of a controlled substance. Pet. at 2; *see* Exhibits. Petitioner has not yet been convicted of that, or any other, crime. *See* Pet.

Liberally construing the petition, petitioner appears to raise the following grounds for relief:

1. He was "kidnapped" on October 2, 2014 by various police officials and a Chazy Town Justice when he was falsely arrested and arraigned, without a felony complaint or search warrant (Pet. at 6, Ground One);

2. On October 2, 2014, a detective "changed" petitioner's "identity from a U.S. citizen to a person of [J]amaican Nationality" resulting in an immigration detainer (Pet. at 7, Ground Two);

3. A trial commenced on the charges against him on April 12, 2016 and ended on April 15, 2016 with a deadlocked jury, the trial judge declared a mistrial, and he was returned to custody to "dwell in limbo" (Pet. at 7, Ground Three);

4. He discovered through a Freedom of Information request sent to the Chazy Town Court that two different search warrants related to his case existed, but only one was disclosed to him before trial (Pet. at 8-9, Ground Four).

---

[2] The cited page numbers for the petition and exhibits refer to those generated by the Court's electronic filing system ("ECF").

Petitioner admits that none of his claims have been properly exhausted, Pet. at 7-9, but claims that the state courts will not help him and requiring him to go through the state courts would only cause him further distress. *Id.* at 9. Petitioner appears to argue that his prosecution is based on his race, and asks this Court to release him. Pet. at 2, 8, 9. For a complete statement of petitioner's claims, reference is made to the petition and exhibits.

### III.  DISCUSSION

The petition was brought pursuant to 28 U.S.C. § 2241. Section 2241 provides that "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions" may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). Section 2241 is ordinarily used by federal prisoners to challenge the execution of a sentence, including challenges to a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001).

State prisoners generally must bring challenges both to the execution of a sentence and to underlying convictions under 28 U.S.C. § 2254, which governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Cook*, 321 F.3d at 278. In rare circumstances, state prisoners who are pretrial detainees may challenge state detention pursuant to section 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973) (state prisoner sought "only to demand enforcement of" Kentucky's "affirmative constitutional obligation to bring him promptly to trial" rather than to litigate constitutional defenses) (citation omitted); *Hoffler v.*

3

*Bezio*, 726 F.3d 144, 155-57 (2d Cir. 2013) (state prisoner brought section 2241 petition to prevent New York from retrying him on murder charges arising out of the killing of a prosecution witness scheduled to testify against him at a later trial on drug charges.).

In this case, petitioner is not in custody pursuant to a state court judgment of conviction because he has not been convicted of a state crime. 28 U.S.C. §2254. Instead, he is a pretrial detainee subject to the jurisdiction of the New York criminal courts and, therefore, the petition appears to be properly brought under section 2241. *Braden*, 410 U.S. at 486-95; *Hoffler*, 726 F.3d at 144, 155; *United States ex rel. Scranton v. State of New York*, 532 F.2d 292, 293 (2d Cir. 1976). But this action is premature.

Although section 2241 does not explicitly require the exhaustion of state court remedies, courts have required exhaustion to accommodate the principles of federalism. *See Braden*, 410 U.S. at 490, 491-92 (concluding that petitioner exhausted state remedies by making repeated "demands for trial to the courts of Kentucky, offering those courts an opportunity to consider on the merits his constitutional claim of the present denial of a speedy trial," but the state courts rejected his claims); *Hoffler*, 726 F.3d at 149-51 (explaining petitioner's claims were exhausted because he moved to dismiss an indictment based on double jeopardy grounds and when the motion was denied, he filed an Article 78 petition and sought leave to appeal the denial of the Article 78 petition in the New York Court of Appeals).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that he raise all claims in state court prior to raising them in a federal habeas corpus petition. Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that

4

court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). Simply filing motions or other pre-trial submissions in state court is insufficient to satisfy the exhaustion requirement. Instead, to fully exhaust his claims, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Finally, petitioner must also use the proper procedural vehicle so that the state court may pass on the merits of his claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985); *Barton v. Fillion*, No. 9:03-CV-1377 (DNH/GJD), 2007 WL 3008167 at *5 (N.D.N.Y. Oct. 10, 2007).

As he admits, petitioner failed to meet the exhaustion requirement because none of his claims have been presented to any state court, much less the highest state court capable of reviewing them. *See* Pet. at 7-9. It is clear from petitioner's papers that the underlying criminal proceedings against him are ongoing, and there has been no judgment of conviction. Petitioner may not use a federal habeas petition to derail a pending state court criminal proceeding by attempting "to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 493; *Younger v. Harris*, 401 U.S. 37, 43-48 (1971); *see Allen v. Maribal,* No. 1:11-CV-2638, 2011 WL 3162675 at *2 (E.D.N.Y. Jul. 25, 2011) (dismissing pretrial detainee's section 2241 petition arguing a speedy trial violation, finding that the court "cannot permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.").

Finally, there is no basis on the record to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to

protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(I), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Once the state criminal proceedings against petitioner have concluded, and his appeals and/or other state court collateral proceedings, if necessary, are exhausted, he may then seek federal habeas relief pursuant to 28 U.S.C. §2254.[3] *See Scranton*, 532 F.2d at 295 (dismissing petitioner's section 2241 petition, in which she sought dismissal of an indictment on speedy trial grounds, for failure to exhaust two state remedies available to her: (1) "go to trial, raise the speedy trial issue as a defense or by motion to dismiss, and then, after a conviction of murder, raise the speedy trial point again on appeal;" or (2) "plead guilty and raise the speedy trial issue on appeal.").

In sum, the exhaustion requirement has not been met, and the petition is dismissed. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").[4]

**IV.   CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED**; and it is

---

[3] It bears repeating that petitioner MUST present his claims to the highest state court capable of reviewing them before seeking federal habeas corpus relief. In other words, he may not raise claims for the first time in a federal habeas petition.

[4] The Habeas Rules apply to Section 2241 petitions. *See* 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[5]  Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated:	May 4, 2016
	Syracuse, NY

	Hon. Glenn T. Suddaby
	Chief U.S. District Judge

---

[5] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'").